Michael J. M<sup>c</sup>Mahon, WSBA #6895
Ronald A. Van Wert, WSBA #32050
Andrew M. Wagley, WSBA #50007
ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
Phone: (509) 747-9100
Facsimile: (509) 623-1439
Attorneys for Defendant

THE HONORABLE SALVADOR MENDOZA, JR.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARILYN M. PROCTER AND STEVE PROCTER AS TRUSTEE FOR SPECIAL NEEDS TRUST OF MARILYN M. PROCTER,<br><br>Plaintiffs,<br><br>v.<br><br>RIVERVIEW LUTHERAN RETIREMENT COMMUNITY OF SPOKANE,<br><br>Defendant. | No. 4:17-cv-05113-SMJ<br><br>ANSWER |

Defendant RIVERVIEW LUTHERAN RETIREMENT COMMUNITY OF

SPOKANE, PCB ("Riverview") answers the Complaint as follows:

Answer- Page 1

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# I. PARTIES[1]

1. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Marilyn Procter currently resides in Walla Walla County, Washington, and therefore denies the same. Riverview admits that Marilyn Procter formerly resided at Riverview.

2. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegations that Steve Procter currently resides in Walla Walla County, Washington, that the referenced Power of Attorney is valid, and that the Special Needs Trust for Marilyn Procter is valid, and therefore denies the same. Riverview admits that Steve Procter is Marilyn Procter's brother.

3. Admit.

# II. JURISDICTION AND VENUE

4. Admit.

5. Riverview admits that Venue is appropriate in the United States District Court for the Eastern District of Washington. Riverview denies that any discriminatory or unlawful practices occurred.

---

[1] For ease of reference, Riverview mirrors the numbering of the Complaint.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## III. FACTS

6. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within ¶ 6, and therefore denies the same.

7. Riverview admits that Marilyn Procter lived in the Riverview Village Independent Living portion of the campus, and that increased levels of services are provided by the Riverview Terrace Assisted Living Facility and the Riverview Rehabilitation and Acute Care Center. Riverview lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 7, and therefore denies the same.

8. Riverview admits that in 2004, Steve Procter signed a "Residency Agreement" purportedly on behalf of the Special Needs Trust of Marilyn Procter. Riverview admits that this Residency Agreement required an accommodation fee and monthly fee. Paragraph 8 references information contained on http://riverviewretirement.org/independent-living/faqs; the website speaks for itself, as it provides the whole message and places the selective terms in context. Riverview denies the remainder of ¶ 8.

9. Riverview admits the allegations contained within ¶ 9, except that the

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Residency Agreement provides that the redecoration will be provided "as needed and determined by the VILLAGE" and the availability of the common areas was "as detailed in the House Rules/Guide."

10. Admit.

11. Riverview admits the allegations contained within ¶ 11, except that it lacks knowledge of information sufficient to form a belief about the truth of the allegation regarding the alleged expected transition of Marilyn Procter and therefore denies the same.

12. Deny.

13. Riverview denies that Mike Drew "informed [Steve] Procter that [Marilyn] Procter could not move to the Terrace assisted living apartment because 'she was disabled,'" but admits the remainder of the allegations in ¶ 13.

14. Riverview admits that a meeting occurred between Charley Tirrell and Steve Procter in January 2015. Riverview denies the remainder of ¶ 14.

15. Riverview admits the allegations contained within ¶ 15, except that Riverview denies that Marilyn Procter "recovered the majority of her functionality," that no health care professional "expressed concern for her safety or indicate[d] any questions regarding [Marilyn] Procter's ability to

ETTER, MᶜMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

live on her own," and that "the only limitation she was subjected to was she relinquished her driver's license."

16. Riverview denies the allegations contained within ¶ 16, except that the March 2015 meeting occurred and Steve Procter was told that Marilyn Procter was not eligible to live in the Terrace Assisted Living Facility.

17. Riverview denies the allegations contained in ¶ 17, except that Steve Procter sent Charley Tirrell a letter in March 2015. The letter speaks for itself.

18. Riverview denies the allegations contained within ¶ 18, except that in May 2015, it contacted Steve Procter and requested that Marilyn Procter be accompanied by a caregiver during an upcoming residents' outing. Riverview admits that it later requested that Marilyn Procter have a chaperon or caregiver at all outings. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Steve Procter's or Marilyn Procter's feelings or beliefs, and therefore denies the same.

19. Riverview generally denies ¶ 19 based upon its argumentative nature. Riverview admits that in June 2015, its staff documented Marilyn Procter's

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

concerning behavior. These documents speak for themselves. Riverview lacks knowledge or information sufficient to form a belief about any of Marilyn Procter's feelings, thoughts, or knowledge stated in ¶ 19, and therefore denies the same.

20. Riverview denies the allegations contained in ¶ 20, except that Charley Tirrell wrote Steve Procter a letter dated June 29, 2015. This letter speaks for itself. Riverview also admits that on August 14, 2015, a meeting occurred between Charley Tirrell and Steve Procter where Charley Tirrell presented Steve Procter with an Acknowledge of Advisement; Hold Harmless document. This document speaks for itself.

21. Deny.

22. Riverview denies that "Ms. Procter was forced to leave the community she had made her home." Riverview lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 22, and therefore denies the same.

23. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 23, and therefore denies the same.

//

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## IV. CAUSES OF ACTION

### A. Count One – Violation of the Fair Housing Act

24. The denials and admissions listed above are incorporated herein by reference.

25. Paragraph 25 purports to be a statement of law for which no response is necessary. If a response is necessary, the allegations contained in ¶ 25 are denied.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

### B. Count Two - Violation of the Americans with Disabilities Act of 1990 and the Washington Law Against Discrimination

30. The denials and admissions listed above are incorporated herein by reference.

31. Paragraph 31 purports to be a statement of law for which no response is necessary. If a response is necessary, the allegations contained in ¶ 31 are denied.

32. Paragraph 32 purports to be a statement of law for which no response is

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

necessary. If a response is necessary, the allegations contained in ¶ 32 are denied.

33. Paragraph 33 purports to be a statement of law for which no response is necessary. If a response is necessary, the allegations contained in ¶ 33 are denied.

34. Deny.

35. Deny.

**C. Count Three – Violation of the Washington Consumer Protection Act**

36. The denials and admissions listed above are incorporated herein by reference.

37. Deny.

38. Deny.

39. Deny.

**D. Count Four – Breach of Contract**

40. The denials and admissions listed above are incorporated herein by reference.

41. Admit, except that the specific Residency Agreement for the Special Needs Trust of Marilyn Procter may be unenforceable if the Special Needs Trust

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

of Marilyn Procter is invalid.

42. Deny.

43. Deny.

44. Deny.

### E. Count Five – Negligent Infliction of Emotional Distress

45. The denials and admissions listed above are incorporated herein by reference.

46. Deny.

47. Deny.

48. Deny.

### F. Count Six – Violation of Laws Regarding Assisted Living Facilities

49. The denials and admissions listed above are incorporated herein by reference.

50. Paragraph 50 purports to be a statement of law for which no response is necessary. If a response is necessary, the allegations contained in ¶ 50 are denied.

51. Paragraph 51 purports to be a statement of law for which no response is necessary. If a response is necessary, the allegations contained in ¶ 51 are

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

denied.

52. Deny.

## IV.  [Sic] DAMAGES

53. Deny.

## V.  REQUEST FOR INJUNCTIVE RELIEF

54. Deny.

## VI.  JURY DEMAND

55. Riverview agrees that a jury is appropriate.

## VII.  PRAYER

56. Riverview denies that Plaintiffs are entitled to any of the relief requested herein.

Allegations not specifically admitted or denied above are denied.

## **SPECIFIC DENIALS**

Pursuant to Fed. R. Civ. P. 9(a)(2), Riverview hereby asserts the following SPECIFIC DENIALS:

1. Marilyn Procter lacks the capacity to sue. Upon information and belief, Marilyn Procter is incompetent and has been diagnosed with developmental delay and the cognitive function of a 13-year old.

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

2. Steve Procter lacks the capacity to sue as Power of Attorney for Marilyn Procter. Upon information and belief, the Power of Attorney for Marilyn Procter is invalid as she lacked the capacity to enter into such an agreement. Further, upon information and belief, the Power of Attorney does not authorize Marilyn Procter's attorney-in-fact to maintain suit on her behalf.

3. Steve Procter lacks the capacity to sue as Trustee of the Special Needs Trust of Marilyn Procter. Upon information and belief, the Special Needs Trust does not authorize Steve Procter to act on Marilyn Procter's behalf or invoke her personal rights. Further, upon information and belief, the Special Needs Trust, purportedly funded by Marilyn Procter's brother, is invalid as it fails its essential purpose of excluding the value of the trust property from the calculation of Marilyn Procter's eligibility for public benefits.

## **AFFIRMATIVE DEFENSES**

Defendant hereby asserts the following AFFIRMATIVE DEFENSES:

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. As the Special Needs Trust of Marilyn Procter is invalid, Steve Procter

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

lacks standing to seek relief on behalf of the Special Needs Trust.

3. Plaintiffs' claims are barred because any action of Riverview was taken for legitimate, non-discriminatory reasons.

4. All acts, rules, policies, and/or practices of Riverview were reasonable and in compliance with the law.

5. Marilyn Procter did not meet the essential eligibility requirements for the Riverview Terrace Assisted Living Facility.

6. No reasonable accommodations or modifications to the eligibility requirements existed to enable Marilyn Procter to meet the essential requirements of residency in the Riverview Terrace Assisted Living Facility as Riverview would have to fundamentally alter the services it provided and/or suffer undue burden. WAC 388-78A-2020 (definition of "reasonable accommodation"); WAC 388-78A-2200; WAC 388-78A-2490; WAC 388-78A-2710; WAC 388-78A-2474.

7. Riverview made a good-faith effort to identify and provide a reasonable accommodation to Marilyn Procter.

8. Any acts or practices of Riverview did not have the capacity to deceive a substantial portion of the public and were not intended to deceive.

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

9. All acts and practice of Riverview were reasonable in relation to the development and preservation of Riverview's business and/or were not injurious to the public interest.

10. Plaintiffs have not suffered, nor plead, objective physical symptomatology associated with the alleged emotional distress.

11. If Plaintiffs sustained any damage or injury as alleged in the Complaint, the same was not caused by any fault of Riverview but was proximately caused by Plaintiffs' own contributory/comparative fault.

12. If Plaintiffs sustained any damage or injury as alleged in the Complaint, the same was not due to any act or omission by or on the part of Riverview, but was due to the failure of Plaintiffs to mitigate such damage or injury.

13. Plaintiffs are estopped, by reason of their own conduct and actions, from asserting the alleged claims herein.

14. Plaintiffs have waived the right, by reason of their own conduct and action, to assert the alleged claims herein.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint and having filed its Specific Denials and Affirmative Defenses, Riverview prays for the following

Answer- Page 13

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

relief:

1. An Order dismissing the Complaint with prejudice.

2. An Order awarding Riverview its costs and reasonable attorney's fees as allowed by law.

3. For such other and further relief as law and equity allow.

DATED this 25th day of September, 2017.

By: /s/ Andrew M. Wagley
Michael J. McMahon, WSBA #6895
Ronald A. Van Wert, WSBA #32050
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
Phone: (509) 747-9100
Facsimile: (509) 623-1439
Email: mjm13@ettermcmahon.com
Email: rvw@ettermcmahon.com
Email: awagley@ettermcmahon.com
Attorneys for Defendant

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2017, I electronically filed the following document:

ANSWER

with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Michael D. Whipple
The Whipple Law Group, PLLC
905 W. Riverside Ave., Ste. 607
Spokane, WA 99201
whipple@whiplawgroup.com

DATED this 25th day of September, 2017.

By: /s/ Kristie Miller
Kristie Miller

Answer- Page 15

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100